IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID LEE JONES                                                                         PETITIONER
ADC #94099

5:15-cv-00040-JM-JTK

WENDY KELLEY, *Director*,                                                          RESPONDENT
Arkansas Department of Correction

<u>PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Court

Judge James M. Moody, Jr. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis for

the objection. If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection. An original and one copy of your objections must be

received in the office of the United States District Court Clerk no later than fourteen (14) days

from the date of the findings and recommendations. The copy will be furnished to the opposing

party. Failure to file timely objections may result in waiver of the right to appeal questions of

fact.

If you are objecting to the recommendations and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing
    is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District
    Judge in the form of an offer of proof, and a copy, or the original, of any documentary

or other non-testimonial evidence desired to be introduced at the hearing before the
District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## DISPOSITION

Petitioner David Jones, an inmate of the Arkansas Department of Correction ("ADC"),

filed this timely petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after pleading

nolo contendere to rape. (Doc. No. 2.) For the following reasons, Mr. Jones's petition should be

denied as untimely.

## I.    PROCEDURAL HISTORY

On August 21, 2009, Mr. Jones pleaded nolo contendere to rape in the Pulaski County,

Arkansas, Circuit Court. (Doc. No. 15-2 at 9.) He agreed to serve thirty years in the ADC. (Doc.

No. 15-7 at 1.)  On September 1, 2009, the circuit clerk filed the judgment and commitment

order. (*Id.*).

On April 9, 2014, Mr. Jones filed a petition for a writ of error coram nobis. (Doc. No. 15-

8.) In it, he argues that his counsel coerced him to plead to this crime. (*Id.* at 5.) On April 7,

2015, the Pulaski County Circuit Court denied Mr. Jones's petition, finding no evidence that Mr.

Jones's counsel coerced him into pleading. (Doc. No. 15-9 at 2.)

On February 3, 2015, Mr. Jones filed the instant petition for a writ of habeas corpus.

(Doc. No. 2.) On June 1, 2015, the Director of the ADC (the "Director") filed a response, asking

the Court to deny Mr. Jones's petition. (Doc. No. 15.) On June 9, 2015, Mr. Jones filed a reply

brief. (Doc. No. 17.)

II.     STANDARD OF REVIEW

A district court has jurisdiction to entertain a petition for a writ of habeas corpus on

behalf of a prisoner in custody pursuant to a state court judgment. 28 U.S.C. § 2254(a) (2006).

The only issue the district court may consider is whether a prisoner is in custody "in violation of

the Constitution or laws or treaties of the United States." *Id.* A prisoner must file the petition for

a writ of habeas corpus within one year after the state court judgment "became final by the

conclusion of direct review or the expiration of the time for seeking such review" unless one of

the statutory exceptions apply. 28 U.S.C. § 2244(d)(1) (2006). While a properly-filed application

for State post-conviction relief or other collateral review is pending, the time "shall not be

counted toward any period of limitation under this subsection." *Id.* at (d)(2).

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of

limitations for filing a petition for a writ of habeas corpus can be tolled for equitable reasons.

*Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only

if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v.

DiGuglielmo*, 544 U.S. 408, 418 (2005)).

A tenable actual innocence claim is also not barred by the statute of limitations.

*McQuiggin v. Perkins*, 133 S.Ct 1924, 1928 (2013). To prove actual innocence, a petitioner

would have to prove that, in light of new evidence, "no juror, acting reasonably, would have

voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298,

329 (1995)). The new evidence must be "reliable" and not available at trial through the exercise

of due diligence. *Schlup*, 513 U.S. at 324; *McQuiggin*, 133 S.Ct at 1935.

III.    ANALYSIS

In Mr. Jones's petition for a writ of habeas corpus, he alleges ineffective assistance of

trial counsel for: (1) failing to object to the trial court's continuing his trial and a formal

competency determination; (2) failing to object to the trial court's failure to  hold a mental

evaluation and hearing; (3) failing to obtain evidence of the affirmative defense of not guilty by

reason of mental disease or defect; (4) failing to seek a continuance while Mr. Jones underwent a

competency determination; (5) coercing Mr. Jones into pleading guilty while he suffered from an

undiagnosed mental disease or defect; and (6) failing to investigate the affirmative defense of not

guilty by reason of mental disease or defect.

Mr. Jones's claims are time-barred. The circuit clerk filed the judgment and commitment

order on September 1, 2009. From that date, Mr. Jones had thirty days to appeal his conviction.

*Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015) (citing Ark. R. App. P.–Crim. 2(a)(1)).

After the thirty days, the one year statute of limitations to file a federal habeas petition began

running. *Id.* at 935. Therefore, Mr. Jones had until October 1, 2010 to file his petition for a writ

of habeas corpus. He did not do so until February 3, 2015, making his petition untimely.

Mr. Jones alleges that the Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct 1309

(2012), excuses his untimeliness. However, this decision only holds that the ineffective

assistance of counsel for initial-review collateral proceedings may establish cause for a

prisoner's procedural default of an ineffective assistance of trial counsel claim. *Id.* at 1315. It

does not apply to excuse the untimely filing of a federal habeas petition. *See Christopher v.*

*Hobbs*, No. 5:14-cv-00007-BSM, 2014 WL 7399201, at *3 (Dec. 29, 2014) ("Furthermore,

4

nothing in *Martinez*…provides a basis for equitably tolling the one-year limitations period."). Since Mr. Jones does not allege any other reason for the Court to statutorily or equitably toll the statute of limitations for his petition, nor does he allege actual innocence, his petition should be denied as untimely.

The fact that Mr. Jones received a ruling on the merits of his fifth claim in the state courts within a year of filing the instant petition does not affect the calculation regarding whether he filed his claim within the statute of limitations. When calculating the statute of limitations in a § 2254 petition, the federal court must determine which claims are time-barred on a claim-by-claim basis. *DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014). While a petition for a writ of coram nobis is a collateral attack on a prisoner's conviction, *United States v. Morgan*, 346 U.S. 502, 512 (1954), the statute of limitations does not start over once a judgment on the collateral attack is entered. Instead, it is tolled while the petition is pending before the state court. 28 U.S.C. § 2244(d)(2). While the fifth claim's statute of limitations period was arguably tolled from April 9, 2014, until April 7, 2015, this period was well after the statute of limitations had expired for filing a federal habeas petition.[1] Therefore, all claims in Mr. Jones's petition should be denied as untimely.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2)

---

[1] While the circuit court ruled on the merits of Mr. Jones's petition for a writ of coram nobis, it likely did not have jurisdiction to do so. In Arkansas, a prisoner must move for the Arkansas Supreme Court to reinvest the circuit court with jurisdiction to hear a petition for a writ of coram nobis if the petition is filed after final judgment is entered. *Newman v. State*, 354 S.W.3d 61 (Ark. 2009). Here, there is no evidence that Mr. Jones requested that the Arkansas Supreme Court reinvest the circuit court with jurisdiction to hear his petition for a writ of coram nobis.

(2006). The Court finds no issue on which Mr. Jones has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of appealability.

V.      CONCLUSION

Mr. Jones's petition for a writ of habeas corpus (Doc. No. 2) should be denied as untimely. The district court should not issue a certificate of appealability.

SO ORDERED.

_____
United States Magistrate Judge